THE PEOPLE OF THE STATE OF NEW YORK *ex rel.* FRANCIS HIGGINS, AS RECEIVER, &C., OF JOHN H. McCUNN, DECEASED, RESPONDENT, *v.* DAVID McADAM, ONE OF THE JUSTICES OF THE MARINE COURT OF THE CITY OF NEW YORK, APPELLANT.

*Summary proceedings—ch. 101 of 1879—who is not subject to removal under, by a purchaser at a sale under an execution—when such proceedings will be restrained by a writ of prohibition.*

A tenant, in possession under a lease executed by a receiver, appointed in an action brought against executors holding as such a leasehold interest in the premises, is not a tenant of such executors, so as to authorize one who has purchased their interest in the premises at a sale thereof, under an execution issued on a judgment recovered against them, to institute summary proceedings to remove him therefrom, under chapter 101 of 1879.

Where proceedings to so remove such tenant from the possession of the premises are instituted by such purchaser, the court will, on the application of the receiver, grant a writ of prohibition, restraining the justice before whom the proceedings are instituted, from hearing or determining the same.

APPEAL from an order made at Special Term, sustaining the de-

murrer of the relator to the return of the defendant to an alternative writ of prohibition granted by this court, and from the judgment thereon awarding to the relator an absolute writ of prohibition, restraining the defendant from hearing and determining certain summary proceedings commenced before him.

John H. McCunn died in 1872, possessed, among other property, of a leasehold interest in the premises No. 305 West Twenty-second street, New York city. His will was duly proved December 4, 1872, and James M. Gano, Thomas McCunn and Jane W. McCunn were appointed and qualified as executors and executrix thereof. On December 14, 1875, Francis J. Parker recovered a judgment in this court against said executors and executrix for the sum of $12,209.03, which judgment was docketed on the same day in the city and county of New York. On March 28, 1876, a receiver of the property of said John H. McCunn was appointed by this court, by an order made in two pending suits, one of them an action brought by Gano, executor, to have the will construed, and the other a suit in partition, brought by Patterson, an heir at law. The receiver so appointed took possession of the property of the deceased. He subsequently resigned, and the relator, Higgins, was appointed and qualified as his successor. On May 4, 1876, after the receiver had taken possession, the surrogate of this county made an order granting leave to Parker to issue execution on his judgment. On September 2, 1876, execution was issued to the sheriff of the county of New York. On September 11, 1876, this court made an order giving leave to the sheriff to levy on assets in the receiver's possesion, but not specifying any particular property or description of property. On March 19, 1877, the sheriff sold the leasehold interest in question, under the execution, to James A. Flack. A certificate of sale in the usual form was executed and filed, and on June 20, 1878, a deed of conveyance of said interest was executed and delivered by the sheriff to Flack, which deed was thereafter recorded. On September 19, 1879, the relator, Higgins, as receiver, leased the premises in question to Virginia Herring, who entered into possession. On January 12, 1880, Flack demanded possession of the premises from Mrs. Herring. On January 24, 1880, he obtained an order of this court allowing him to

commence and prosecute such actions or proceedings in any court having jurisdiction thereof, as he might be advised, to obtain possession of said premises. On January 29, 1880, he filed with the defendant, Mr. Justice McAdam, of the Marine Court, an affidavit setting forth in substance the facts above stated, and obtained from the said justice a summons, under the statute relating to summary proceedings, returnable on February 2, 1880. On the day appointed, Mrs. Herring and the relator appeared by counsel, and a motion was made to dismiss the proceeding, on the ground that the justice had no jurisdiction, which was denied. The proceedings were then adjourned by consent to February 14, 1880. On February 12, 1880, the relator procured and served an alternative writ of prohibition, directed to Mr. Justice McAdam and to Flack, restraining the prosecution of the proceedings. Flack made no return to the writ, but wholly made default. Mr. Justice McAdam made a return, which consisted in substance of a statement of the foregoing facts. To this return the relator demurred. The court, after argument, sustained the demurrer.

*Alfred McIntyre*, for the appellant. A writ of prohibition cannot take the place of a writ of error or other proceeding for the review of judicial action. (*People* ex rel. *Smith* v. *Russell*, 19 Abb. Pr., 136–139; *People* ex rel. *Rau* v. *Seward*, 7 Wend., 518; *People* ex rel. *Greeley* v. *Oyer & Terminer*, 27 How. Pr., 19; *People* v. *Court of Common Pleas*, 28 How. Pr., 477; *People* ex rel. *Bean* v. *Russell*, 3 Abb. Pr., N. S., 232; *People* ex rel. *Brownson* v. *Marine Court*, 14 Abb. Pr., 266; McAdam, Landlord & Tenant, 317, and cases there cited; *Thompson* v. *Tracy*, 60 N. Y., 38; *People* v. *Stuyvesant*, 9 Id., 263; *Gignon* v. *Astor*, 2 How. U. S., 338.) The justices of the Marine Court have jurisdiction under the act in relation to summary proceedings. (3 R. S., 6 ed., p. 824, § 28; *Birdsall* v. *Phillips*, 17 Wend., 475.) The relator, if aggrieved, had an adequate remedy by certiorari to review the proceedings of the justice. (*People* ex rel. *Thacher* v. *Clute*, 42 How. Pr., 157; *People* v. *Supervisors of Ulster Co.*, 31 How. Pr., 239; *Exp. Brandlacht*, 2 Hill, 367; McAdam, Landlord & Tenant, above cited.)

*Butler, Stillman & Hubbard,* for the respondent. The remedy by writ of prohibition was the relator's proper remedy. (*People* ex rel. *Wheeler* v. *Cooper,* 57 How. Pr., 416, and cases there cited.) The defendant waived any objection to the propriety of the remedy by filing a return, without, making a motion to quash the writ. The justice had no jurisdiction to hear or determine the summary proceedings in question. (2 R. S., 513, 2 ed., 529; L. 1879, ch. 101.) This statute, being in derogation of the common law, must be construed strictly. It gives a new remedy and creates a new jurisdiction, unknown to the common law. (*Miner* v. *Burling,* 32 Barb., 540; *Farrington* v. *Morgan,* 20 Wend., 207; *Campbell* v. *Mallory,* 22 How. Pr., 188; *Deuel* v. *Rust,* 24 Barb., 438; *Hill* v. *Stocking,* 6 Hill, 314; *People* v. *Boardman,* 4 Keyes, 59; 2 Crary, Spec. Proc., 281; Potter's Dwarris on Statutes, 240–259; *Van Horne* v. *Dorrance,* 2 Dall., 316; *Brown* v. *Barry,* 3 Id., 367.)

BARRETT, J. :

1. The tenant against whom these proceedings were instituted was not "A person holding over and continuing in possession of real estate which had been sold by virtue of an execution against such person." Her tenancy was not under McCunn's executors, but under the receiver. No execution had been issued against her, nor against the receiver under whom she holds. This receiver did not take under McCunn's executors, but under the order of this court in certain actions pending therein. Nor was such receiver the servant or agent of the executors. Nor was there collusion between the person in actual possession, and the persons against whom the execution ran. The magistrate was, therefore, without jurisdiction. Prohibition will lie, because, although there was jurisdiction in summary proceedings in general, there was none upon the facts set out in the applicant's affidavit. It is said that as the magistrate had jurisdiction in summary proceedings generally, he necessarily had jurisdiction to decide whether the case was within the statute. This argument is fallacious. The jurisdiction is special and limited, and the magistrate is strictly confined to the terms of the act. The original application and affidavit must show a case within the

statute, before the magistrate has authority even to issue the original summons to show cause.    Under any other view, these proceedings, which are useful enough if strictly pursued, would become a subject of grave apprehension.    Ordinarily, ejectment is the natural and appropriate common-law remedy to recover the possession of lands, and we should not favor any attempt to effect the purposes of such an action, under the forms of these summary proceedings. The object of the statute was to afford the vendee of real estate, sold under execution, a summary remedy against the judgment debtor in possession.    It was not intended further to extend the summary jurisdiction of magistrates in these proceedings.

In this connection, the fact should not be lost sight of that these proceedings cannot be stayed, and that there is no redress for the defeated and ejected tenant, save restitution after judgment of reversal on *certiorari*, followed by an action for the damages sustained.

2. The receiver was authorized to institute the present proceedings.    It was his right and duty to protect and defend his tenant. As an incident thereto, he could institute a proceeding looking to that end.

· For these reasons, as well as those assigned by Mr. Justice Beach, we think the order should be affirmed, with costs.

Davis, P. J., and Brady, J., concurred.